UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YOLANDA YOUNG-SMITH, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF SOUTH BEND, INDIANA, and )<br>THE SOUTH BEND HUMAN RIGHTS )<br>COMMISSION, )<br>      Defendants. ) | Case No. 3:24-CV-291-AZ |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Attorney Fees and Statement of Reasonable Expenses with Supporting Documentation as Related to their Motion to Compel [DE 45].[1] Defendants are seeking fees in the amount of $9,136.63, after the Court granted their motion to compel discovery [DE 41]. *See* DE 45 at 2. Plaintiff objects to the imposition of fees, arguing that Defendants made inadequate efforts to meet and confer, and because Plaintiff's counsel's significant medical issues hampered his ability to resolve the disputes. DE 53. For the reasons explained below, the Court finds that an award of fees is justified, as is a substantial reduction from the amount requested by Defendants.

---

[1] Defendants filed their motion on August 27, 2025. DE 45. Plaintiff initially filed her response on September 17. DE 50. Noting that Plaintiff's response to Defendant's motion for fees was identical to her response to the motion to compel, and giving her the benefit of the doubt that the response was misfiled, the Court gave Plaintiff an opportunity to file an amended response, which she did on October 18. DE 53. Defendant filed its reply on October 24. DE 54-1.

## Background

This matter arises from Plaintiff Yolanda Young-Smith's termination from her job at the South Bend Human Rights Commission, from which she bases her claims of employment discrimination and retaliation. DE 1. A discovery schedule was entered on July 9, 2024. DE 13. On April 10, 2025, Defendants filed a motion to compel discovery, seeking more thorough responses to a number of interrogatories and more organization to her document production. DE 18. Plaintiff responded on May 1, 2025, arguing that a combination of medical, technical, and scheduling issues had resulted in the incomplete answers. DE 22. After the case was reassigned to me, I ordered the parties to appear on August 7, 2025, for oral argument and resolution of the pending discovery disputes. DE 39. I made oral rulings at that hearing, which I memorialized in a written order issued a few days later. DE 41. In sum, I found some of Defendants' interrogatories duplicative but otherwise granted the bulk of the Defendants' requests for more complete answers and organized document productions. DE 41. Defendants filed their motion for fees with the accompanying affidavits on August 27, 2025, and the issue was fully briefed on October 24. DE 45, 53, 54-1.

## Analysis

Because Defendants' motion to compel was granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

2

attorney's fees" unless the "nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

"Rule 37(a)(4) is a fee-shifting rule. The winner is entitled to fees unless the opponent establishes that his position was substantially justified." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994) (internal quotations omitted); *see also Pursell v. HydroChem, LLC*, 2023 WL 3203104, at *1 (S.D. Ill. May 2, 2023) ("Rule 37(a)(5)(B) presumptively requires the movant to make good the victor's costs.") (citation omitted). Thus, Plaintiff must reimburse Defendants for their incurred costs, including attorney's fees, unless the presumption is overcome through a showing of "substantial justification" or "other circumstances" that would make an award "unjust." In making that determination, the Court possesses broad discretion. *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 499 (N.D. Ind. 2010) ("The court has broad discretion when reviewing a discovery dispute and 'should independently determine the proper course of discovery based upon the arguments of the parties.'") (quoting *Gile v. United Airlines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996)). *See also Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir. 1994)) ("District judges have substantial discretion to make such decisions to curtail the expense and intrusiveness of discovery and trial."). Lastly, the party requesting fees bears the burden of explaining the activities it undertook with enough specificity that the court can determine its reasonableness. *United Consumers Club, Inc.* v. *Prime Time Mktg. Mgmt. Inc.*, 2011 WL 1375160, at *3 (N.D. Ind. April 12, 2011).

Defendants first reached out to Plaintiff to request more complete responses to certain discovery requests on February 26, 2025. DE 19-1. Plaintiff responded the same day and addressed each of Defendants concerns by request number, essentially arguing that Plaintiff answered fully to the extent of her knowledge and recollection and that further information did not exist. DE 19-2. Unsatisfied with this response, Defendants' sent Plaintiff another email on April 1, 2025, explaining further why they believed they were entitled to supplemental information and warning that they intended to file a motion to compel unless Plaintiff addressed these issues. DE 19-3. After 10 days passed with no response, Plaintiff filed her motion to compel. DE 18.

Although I ultimately granted Defendants' motion to compel, it is worth revisiting the context of my ruling. Looking more specifically at the requests and answers, I found Plaintiff's answers to Interrogatories 1 and 2 requesting information about witnesses to be insufficient. I was less concerned with the incomplete list of job titles and contact information (much of which Defendants presumably had) and more substantively found that Plaintiff's repeated generic statements that these witnesses "will have specific information relating to" Plaintiff's claims to be non-responsive. When Defendants pressed on this issue during email discussions, Plaintiff responded that the limited information provided was the extent of her knowledge. DE 19-2. Regarding Interrogatory 5, which requested details regarding communications, Plaintiff's responses were similarly lacking detail. Plaintiff's counsel explained that his client did not remember the details of those conversations. DE 19-2. As for Interrogatories 6 and 17, which requested information about reports Plaintiff made

4

about any workplace discrimination or harassment, her responses were a mixed bag. Some portions were sufficient, others were merely a list of dates of communications without any context or information. For example, one answer directed the defendants to "see attached documents." And although Federal Rule of Civil Procedure 33(d) permits a party to identify documents in response to an interrogatory, the responding party must "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." That was not done here. Instead, Plaintiff provided Defendants with a dump of screenshots with no organization or context whatsoever. This left Defendants with no feasible way to decipher which documents were responsive to the interrogatory. With respect to Interrogatory 19, which asked Plaintiff to explain the hostile work environment she experienced, Plaintiff generically described forms of hostile work environment she suffered including "unwarranted criticism, rude behavior, micromanaging, and other forms of harassment," without explaining any specific acts by specific individuals, which I found to be an evasive and incomplete answer. For Interrogatory 21, it was unclear whether Plaintiff had any post-termination employment history, and I ordered her to supplement her answer in the event any such information existed and had not been disclosed. Finally, as to Plaintiff's document production, I fully agreed that the manner in which Plaintiff produced documents was disorganized and left Defendants with no discernible way to identify which documents were responsive to each request.

As reflected in my ruling on the motion to compel, I largely found Plaintiff's written discovery responses at issue to be vague, generic, and non-responsive. To the extent that some of the incomplete answers were due to Plaintiff's lack of knowledge or recollection, Defendants could have chosen to accept that explanation and pressed her on her lack of knowledge in her deposition. But in other instances, Plaintiff just failed to provide basic required information supporting her claims, and it was clear in the email exchanges that she would not provide more information absent a motion. Plaintiff's counsel laments that much of the disputes could have been resolved with a phone call rather than email. Maybe that is true. It was clear to me during the August 7 hearing that there was miscommunication and misunderstanding about what was being requested and Plaintiff's counsel did not push back on my rulings. And while I appreciate Defendants' counsel's desire to record such disputes through email, sometimes there is no substitute for an old-fashioned phone call to clear things up. If documentation is a concern, a phone call can always be followed by an email memorializing the conversation. It strikes me that more could have possibly been done to avoid some of these disputes and that will weigh in how I resolve this issue of fees.

Ultimately, I am left with the impression that neither party acted in bad faith, but there were missed opportunities that could have prevented the unnecessary expenditure of resources spent litigating this discovery dispute. This underscores my personal aversion to discovery motions and my preference for a more streamlined and cost-effective method of discovery disputes though short motions for discovery

rulings, which I have explained to the parties and which will be the manner of resolving any future discovery disputes before me in this case. But the motion to compel here arose prior to my involvement in the case, so I am forced to also resolve this instant motion.

My conclusion is that some award of fees is justified. Some of Plaintiff's responses were unjustifiably non-responsive and her document production created additional work and confusion for Defendants. At the same time, I believe some of the incomplete responses were attributable to miscommunication for which I don't blame any party. Then there is the issue of Plaintiff's medical issues, which have impacted Plaintiff's counsel's ability to timely respond to some of these matters. On this issue, I am persuaded that the incomplete responses cannot be solely attributable to counsel's medical issues. Nevertheless, the fact that these medical issues coincided with the timing of the disputes and likely impacted how they were handled therefore weighs in the consideration of whether a full fee award would be just.

Turning now to the fee calculation, the Court must scrutinize carefully when determining the hours spent on motion practice. *See Romary Associates, Inc. v. Kibbi, LLC*, 2011 WL 4948834, at *5 (N.D. Ind. Oct. 8, 2011) ("When multiple attorneys are simultaneously researching, preparing, and drafting a single motion, it will inevitably lead to unnecessary duplication, which the court must take account of in determining the hours reasonably expended.").

7

The defendants incurred $9,136.63 preparing the motion to compel and reply brief.[2] This figure is the sum of 29.2 hours at two different rates for attorneys Dean E. Leazenby and Jamie R. Ricardson. Mr. Leazenby's hourly rate is $400.00, and Ms. Richardson's rate is $305.00. The hourly rates are reasonable because they reflect the rates actually charged by Defendants' counsel and paid by Defendants. *See Zimmer, Inc. v. Beamalloy Reconstructive Med. Prod., LLC,* 2019 WL 2635944, at *7 (N.D. Ind. June 27, 2019) (citing *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007)). ("[W]here, as here, attorneys provide the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded."). Further, the defendant's exhibits to the motion clearly breakdown the time spent on reviewing Young-Smith's documentation, responses to requests, and corresponding with her counsel regarding the insufficient answers. *See* DE 45-2. The work does not appear overly duplicative, and the amount of time spent on each task does not appear to be unreasonably high. Also, the written submissions were thorough, organized, and well-supported and provided the appropriate level of detail to assist the Court in its determination.

Federal Rule of Civil Procedure 37(a)(5)(A)(iii) gives me broad discretion on whether to reduce a fee award based on the circumstances described above. After carefully considering both parties' arguments and the relative equities, I find that it would be unfair for Defendants to fully incur the costs for Plaintiff's non-responsive

---

[2] Defendants' motion requests $10,751.82 be awarded at first, but the entire motion and the itemization of fees indicates $9,136.63. Defendants clarified in their reply that they are only seeking the latter amount.

8

answers and unorganized document production, and also find that much of the fees incurred could have been avoided through more effective communication. Therefore, I will award fees but reduce the amount requested substantially by 90%.

## Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' Motion for Attorney Fees and Statement of Reasonable Expenses with Supporting Documentation as Related to their Motion to Compel [DE 45] and **ORDERS** Plaintiff's counsel to pay $913.66 in attorney's fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Plaintiff's counsel shall pay this amount to Defendants City of South Bend, Indiana, and South Bend Human Rights Commission by **December 5, 2025**.

So ORDERED this 10th day of November 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT